FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 25, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRACY H., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:19-CV-3248-RMP <br><br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT, without oral argument, are cross-motions for summary judgment from Plaintiff Tracy H.[1], ECF No. 16, and the Commissioner of Social Security ("Commissioner"), ECF No. 19. Plaintiff seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's denial of her claim for disability insurance benefits under Title II of the Social Security Act (the "Act"). *See*

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial.

ORDER GRANTING DEFENDANT'S MOTION AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

ECF No. 16 at 2. Having reviewed the parties' motions and the administrative record, the Court is fully informed. The Court grants the Commissioner's motion and denies Plaintiff's motion.

## BACKGROUND

In January 2016, Plaintiff experienced an episode of shortness of breath while shoveling snow. She presented to her primary care physician, who directed her to the emergency room. AR 320-21, 405. She was eventually diagnosed with congestive heart failure and cardiomyopathy. AR 317-18. She was hospitalized again in February and underwent cardiac catheterization. AR 395-97. She eventually quit her job at an auto dealership due to missing too many days of work. AR 39. The records reflect Plaintiff's heart condition improved somewhat over the following months. AR 493, 565, 586, 588, 626, 692. Plaintiff continued to report fatigue and limited stress tolerance, along with some heart palpitations and occasional shortness of breath with exertion. AR 454, 459, 531, 536, 620, 623, 628, 671. She testified she had learned to live with her limitations, and had to plan each day according to how she felt. AR 64, 75, 626.

On August 24, 2016, Plaintiff filed an application for Title II disability benefits, alleging disability based on congestive heart failure, mitral valve leak, reduced ejection fraction, diabetes, and arthritis of the right hip. AR 78-79. The claim was denied initially and upon reconsideration. AR 103-05, 109-12. Plaintiff

ORDER GRANTING DEFENDANT'S MOTION AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 2

1   subsequently had a hearing before ALJ Stewart Stallings, and on October 10, 2018,

2   the ALJ denied Plaintiff's claim. AR 15-25. Plaintiff requested and was denied

3   review by the Appeals Council, leaving the ALJ's decision as the final decision of

4   the Commissioner. AR 1-6. Plaintiff now seeks judicial review of the Social Security

5   Administration's disability determination.

6   ***ALJ's Decision***

7       On October 10, 2018, the ALJ issued an unfavorable decision. AR 15-25.

8   Applying the five-step evaluation process, Judge Stallings found:

9       **Step one:** Plaintiff had not engaged in substantial gainful activity since March

10      15, 2016, the alleged onset date. AR 17.

11      **Step two:** Plaintiff had the following severe impairments that were medically

12      determinable and significantly limited her ability to perform basic work

13      activities: chronic heart failure, hypertension, diabetes with neuropathy, and

14      sleep apnea. *Id.*

15      **Step three:** The ALJ concluded that Plaintiff's impairments, considered

16      singly and in combination, did not meet or medically equal the severity of one

17      of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20

18      C.F.R. 404.1520(d), 404.1525 and 404.1526). *Id.*

19      **Residual Functional Capacity ("RFC"):** The ALJ found that Plaintiff had

20      the RFC to:

21

ORDER GRANTING DEFENDANT'S MOTION AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3

perform reduced range of light work as defined in 20 CFR 404.1567(b) with the following limitations. The claimant can lift up to 20 pounds occasionally, and lift or carry up to 10 pounds frequently. The claimant can stand or walk for approximately 6 hours per 8-hour workday, and sit for approximately 6 hours per eight-hour workday, with normal breaks. The claimant will need a sit/stand option which allows her to change from standing position to sitting position, or vice-versa, every 30 minutes while remaining at the workstation. In terms of postural limitations, the claimant can occasionally climb ramps and stairs. She can never climb ladders, ropes and scaffolds. She can occasionally stoop, crouch, and kneel. She can never crawl. The claimant can never reach overhead bilaterally, but she can frequently reach in all other directions. In terms of environmental limitations, the claimant should avoid all exposure to extreme heat and irritants such as fumes, odors, dust, and gasses and poorly ventilated areas in an industrial setting. Finally, the claimant should avoid all use of moving or dangerous machinery and unprotected heights.

AR 18.

In determining Plaintiff's RFC, the ALJ found that her statements concerning the intensity, persistence and limiting effects of her alleged symptoms "are not entirely consistent with the medical evidence and other evidence in the record." AR 19.

**Step four:** The ALJ found that Plaintiff was capable of performing her past relevant work as an accounting clerk. AR 23-24.

**Step five:** The ALJ alternatively found there were jobs that existed in the national economy that Plaintiff could perform considering her age, education, work experience, and RFC. AR 24-25. The ALJ thus found Plaintiff had not

ORDER GRANTING DEFENDANT'S MOTION AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 4

been disabled within the meaning of the Social Security Act at any time since the alleged onset date of March 15, 2016. Tr. 25.

## LEGAL STANDARD

**A. Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A court may set aside the Commissioner's denial of benefits only if the ALJ's determination was based on legal error or not supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence

1  supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22

2  (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

3        It is the role of the trier of fact, not the reviewing court, to resolve conflicts in

4  evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational

5  interpretation, the court may not substitute its judgment for that of the

6  Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Allen v.*

7  *Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by

8  substantial evidence will still be set aside if the proper legal standards were not

9  applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health*

10 *and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial

11 evidence to support the administrative findings, or if there is conflicting evidence

12 that will support a finding of either disability or nondisability, the finding of the

13 Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir.

14 1987).

15       **B. Definition of Disability**

16       The Social Security Act defines "disability" as the "inability to engage in any

17 substantial gainful activity by reason of any medically determinable physical or

18 mental impairment which can be expected to result in death or which has lasted or

19 can be expected to last for a continuous period of not less than 12 months." 42

20 U.S.C. §§ 423(d)(1)(A). The Act also provides that a claimant shall be determined to

21

ORDER GRANTING DEFENDANT'S MOTION AND DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 6

be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

**C. Sequential Evaluation Process**

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520. Step one determines if he is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. § 404.1520(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude any gainful

activity. 20 C.F.R. § 404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work that he has performed in the past. If the claimant is able to perform his previous work, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in light of his residual functional capacity and age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Meanel*, 172 F.3d at 1113. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs

exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ISSUES ON APPEAL

The parties' motions raise the following issues regarding the ALJ's decision:

1. Did the ALJ err in rejecting the opinions from Plaintiff's treating physicians Silvia Labes and Renee Harrison?
2. Did the ALJ improperly reject lay witness evidence from Plaintiff's husband?
3. Did the ALJ improperly reject Plaintiff's subjective symptom testimony?

## DISCUSSION

**1. Medical Opinion Evidence**

Plaintiff contends the ALJ erred in his rejection of the opinions provided by Plaintiff's treating doctors, Silvia Labes and Renee Harrison. ECF No. 16 at 8-13.

When a treating doctor's opinion is contradicted by another opinion, an ALJ must articulate "specific and legitimate" reasons, supported by substantial evidence in the record, to reject the opinion. *Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir. 1995). "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings.'" *Garrison*, 759 F.3d at 1012 (quoting *Reddick*, 157 F.3d at 725).

*a. Dr. Labes*

Dr. Labes completed a medical source statement in June 2017. AR 570-72. She noted Plaintiff's conditions included diabetes, congestive heart failure, cardiomyopathy, hyperlipidemia, diverticulitis, and symptoms including fatigue, dyspnea, palpitations, and occasional dizziness. *Id.* She stated Plaintiff's prognosis was good, and that work would not cause her conditions to deteriorate. AR 571. She opined Plaintiff would probably miss work if she were working full-time, but the doctor could not estimate how much. *Id.* She said Plaintiff was not capable of performing light work, but maybe could perform sedentary work. *Id.*

The ALJ gave this opinion little weight, noting it was vague and inconsistent with the record as a whole, including evidence of symptom improvement and stabilization, Plaintiff's reports of rare symptoms, and Plaintiff's high functioning activities of daily living. AR 23.

Plaintiff argues the opinion is not vague because the doctor ruled out light work and any heavier exertion and opined Plaintiff would miss some work. ECF No. 16 at 9. She further asserts that the evidence of improvement in the record is not contradictory to Dr. Labes' opinion, as improvement does not mean symptoms have resolved. *Id.* at 9-10. Finally, Plaintiff argues the ALJ did not identify any activities that contradict the opinion. *Id.* at 10.

1  The Commissioner responds that the ALJ legitimately considered the quality

2  of the opinion in finding it vague and reasonably considered the record, including

3  the testimony of the medical expert, in finding the opinion to be contradicted by the

4  medical evidence and Plaintiff's activities. ECF No. 19 at 13-15.

5  The Court finds no error. Dr. Labes did not assess any concrete limitations.

6  Her assessment that Plaintiff could "maybe" perform sedentary work is vague, as is

7  her statement that Plaintiff would miss some work but she could not estimate how

8  much. AR 571. The ALJ's assessment that the opinion was vague was a specific and

9  legitimate reason to assign it little weight. Furthermore, any error in not adopting Dr.

10 Labes' statement that Plaintiff could not perform light work was harmless, as the

11 jobs identified at step four and step five were all sedentary jobs. AR 23-25.

12 Additionally, the vocational expert testified that there would be some tolerance for

13 missed days, with more being tolerated in skilled work than unskilled work. AR 73-

14 74. The job findings therefore are not inconsistent with Dr. Labes' opinion.

15 *b. Dr. Harrison*

16 Plaintiff's treating doctor, Renee Harrison, completed a medical source

17 statement in July 2017. AR 573-75. She opined full time work would be expected to

18 make Plaintiff deteriorate, noting her "heart function is too poor to support work

19 activity," and that she was not capable of meeting the demands of even sedentary

20

21

ORDER GRANTING DEFENDANT'S MOTION AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 11

1   work. AR 574. She opined Plaintiff would miss four or more days of work per

2   month. *Id.*

3         The ALJ gave this opinion little weight, noting Dr. Harrison had only treated

4   Plaintiff for approximately two months prior to issuing the opinion, and finding the

5   opinion to be inconsistent with the objective findings and Plaintiff's subjective

6   reports to her providers. AR 23.

7         Plaintiff argues the ALJ misapplied the treatment relationship factor, as Dr.

8   Harrison had been treating Plaintiff for closer to three months, and had more of a

9   treatment relationship with Plaintiff than the non-examining state agency doctors

10  and the medical expert at the hearing. ECF No. 16 at 11-12. She also argues the ALJ

11  failed to identify any specific inconsistencies between Dr. Harrison's report and the

12  rest of the record. *Id.* at 12.

13        The Commissioner responds that the ALJ reasonably considered the limited

14  treatment relationship between Plaintiff and Dr. Harrison, and reasonably discussed

15  conflicting treatment notes, including evidence of symptoms improvement,

16  Plaintiff's reports that she was doing well, and the improvement in the objective

17  testing. ECF 19 at 15-17.

18        The Court finds no error. An ALJ may legitimately consider an opinion's

19  consistency with the record as a whole. 20 C.F.R. § 404.1527(c)(4)("Generally, the

20  more consistent a medical opinion is with the record as a whole, the more weight we

21

will give to that medical opinion."). The ALJ reasonably discussed the medical evidence, including evidence of improvement in Plaintiff's condition and the improved ejection fraction test results, along with her reports to her providers that she was doing well and that her symptoms were stabilizing. AR 19-21. The ALJ's interpretation of the record is also supported by the medical expert's opinion that Dr. Harrison's opinion was not supported by the objective evidence in the file. AR 56. Though Plaintiff offers alternative interpretations of the evidence, the ALJ's discussion is reasonable. "When the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**2. Plaintiff's subjective allegations**

Plaintiff argues the ALJ erred in his evaluation of her subjective allegations. ECF No. 16 at 15-20.

ALJs engage in a two-step process to determine the reliability of a claimant's subjective testimony. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). If the first step is met, and if there is no evidence of malingering on the

record, then "the ALJ can reject the claimant's testimony about the severity of [the claimant's] symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014) (citing *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).

The ALJ found that Plaintiff's medically determinable impairments "could reasonably be expected to cause the alleged symptoms," but found her "statements concerning the intensity, persistence and limiting effect of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 19. The ALJ went on to find Plaintiff's allegations were unsupported by the objective medical evidence and inconsistent with evidence of improvement in her symptoms and her daily activities. AR 19-22.

Plaintiff argues that while the record shows improvement in her condition after her January 2016 episode of heart failure, her condition continued to impact her, and she never returned to her baseline functioning. ECF No. 16 at 15-16. She further argues that the ALJ's discussion of her activities was limited to her walking habits and ability to manage her stress, which are not inconsistent with her allegations, particularly considering the fact that she reported her condition varied from day to day and she required flexibility to adjust her activity as needed. *Id.* at 17-18. Finally, Plaintiff faults the ALJ for failing to consider her excellent work history. *Id.* at 18.

ORDER GRANTING DEFENDANT'S MOTION AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 14

1       The Commissioner responds that the ALJ reasonably considered Plaintiff's ability to walk two to three miles as being inconsistent with her contentions regarding fatigue and walking, while still accounting for her finite stamina in reducing her RFC to light work. ECF No. 19 at 6-7. The Commissioner further argues the ALJ legitimately considered the treatment Plaintiff received and its efficacy, noting her steady improvement and the ALJ's reliance on the medical expert's testimony. *Id.* at 8-9. Finally, the Commissioner argues the ALJ reasonably found the other conditions Plaintiff alleged were unsupported by the medical evidence. *Id.* at 10-11.

        The Court finds the ALJ did not err. In considering a claimant's allegations of disability, an ALJ may consider the effectiveness and types of treatments a claimant has received. Social Security Ruling 16-3p. The ALJ reasonably considered the record, including the testimony of the medical expert, and found that Plaintiff's condition had improved after her January 2016 episode of congestive heart failure. AR 19-22. The record contains numerous incidents of Plaintiff reporting improved symptoms and her providers noting she was doing well. AR 489, 493, 536, 565-68, 584-86, 588, 626, 692. While Plaintiff's argument that she never returned to baseline is a reasonable interpretation, the ALJ's finding of improvement is also supported. "When the evidence is susceptible to more than one rational interpretation, we must

ORDER GRANTING DEFENDANT'S MOTION AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 15

1  uphold the ALJ's findings if they are supported by inferences reasonably drawn

2  from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

3       A claimant's daily activities may support an adverse credibility finding if the

4  claimant's activities contradict her other testimony. *Orn v. Astrue*, 495 F.3d 625, 639

5  (9th Cir. 2007). The ALJ found the evidence that Plaintiff was able to exercise and

6  walk two to three miles in a day indicated she retained greater physical functioning

7  than described. AR 22. Plaintiff argues this evidence does not demonstrate any

8  inconsistency with her allegations, particularly given her reports that her condition

9  varied from day to day and she required flexibility to adjust her activity as needed

10  based on her fatigue. ECF No. 16 at 17-18. While Plaintiff's interpretation is

11  reasonable, the ALJ's position is supported by substantial evidence. The medical

12  expert at the hearing testified that Plaintiff's documented exercise indicated she was

13  quite functional. AR 50.

14       Although it cannot serve as the sole ground for rejecting a claimant's

15  symptom statements, objective medical evidence is a "relevant factor in determining

16  the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*,

17  261 F.3d 853, 857 (9th Cir. 2001). The ALJ noted the lack of objective evidence

18  supporting the extent of Plaintiff's alleged limitations and a number of Plaintiff's

19  impairments apart from her heart condition. AR 19-21. The ALJ's interpretation of

20

21

1   the record is supported by substantial evidence and the testimony of the medical

2   expert.

3         Therefore, the ALJ offered clear and convincing reasons for discounting

4   Plaintiff's subjective testimony.

5   **3.    Third party**

6         Plaintiff argues the ALJ improperly rejected evidence from her husband,

7   Dennis Houck. ECF No. 16 at 13-14.

8         Lay witness testimony is "competent evidence" as to "how an impairment

9   affects [a claimant's] ability to work." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d

10  1050, 1053 (9th Cir. 2006). An ALJ must give "germane" reasons to discount

11  evidence from these "other sources." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir.

12  1993). However, any error on the part of the ALJ in discounting lay witness

13  testimony "is harmless where the same evidence that the ALJ referred to in

14  discrediting the claimant's claims also discredits the lay witness's claims." *Molina v.*

15  *Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012).

16        The ALJ found the evidence supplied by Mr. Houck was based on casual

17  observation and did not outweigh the accumulated medical evidence, and ultimately

18  found it unpersuasive for the same reasons he found Plaintiff's allegations to be

19  inconsistent with the record as a whole. AR 23. As the Court found no reversible

20  error in the ALJ's rationale for rejecting Plaintiff's subjective complaints, and Mr.

21

ORDER GRANTING DEFENDANT'S MOTION AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 17

Houck's statements are consistent with Plaintiff's assertions, the Court finds the ALJ offered sufficient germane reasons for rejecting Mr. Houck's testimony.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**

2. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED**.

3. Judgment shall be entered for Defendant.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, provide copies to counsel, enter judgment as directed, and **CLOSE** this case.

**DATED** August 25, 2020.

>           *s/ Rosanna Malouf Peterson*
>             ROSANNA MALOUF PETERSON
>              United States District Judge

ORDER GRANTING DEFENDANT'S MOTION AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 18